IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**3A COMPOSITES USA, INC.**                                                                 **PLAINTIFF**

**V.**                              **CASE NO. 5:14-CV-5147**

**UNITED INDUSTRIES, INC. and**
**WESLEY PAULIN**                                                                            **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are Plaintiff 3A Composites USA, Inc.'s ("3A") Motion for Reconsideration of Court's Order Dismissing 3A's Claim for Tortious Interference (Doc. 95) and Brief in Support (Doc. 96), and Defendants United Industries, Inc.'s ("United") and Wesley Paulin's Response (Doc. 103) and Brief (Doc. 104). On September 15, 2015, the Court entered a Memorandum Opinion and Order (Doc. 94) that, *inter alia*, dismissed with prejudice 3A's Arkansas-law claim for tortious interference ("TI claim"), on the grounds that 3A's TI claim was preempted by the Arkansas Trade Secrets Act ("ATSA") at Ark. Code Ann. § 4-75-602(a). Specifically, the Court observed that under Arkansas law, "the Trade Secrets Act is the exclusive remedy for the *alleged* misappropriation of trade secrets," (Doc. 94, p. 16) (quoting *Infinity Headwear & Apparel, LLC v. Coughlin*, 2014 Ark. App. 609, at *8) (emphasis added in the Court's Sep. 15 Order), that 3A had alleged an ATSA claim in addition to its TI claim, and that 3A's TI claim relied "on the same acts that 3A alleges constitute misappropriation of trade secrets," *id.* 3A moves the Court to reconsider this ruling.

No final order has yet been entered in this case, as some of 3A's claims are awaiting trial. *See Erickson v. Holloway*, 77 F.3d 1078, 1080 (8th Cir. 1996). "[M]otions

1

for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). Fed. R. Civ. P. 60(b) authorizes relief under certain limited circumstances, including "mistake, inadvertence, surprise, or excusable neglect; . . . or fraud . . . by an opposing party; . . . or . . . any other reason that justifies relief." However, the Eighth Circuit has warned that a Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). This restriction is a sufficient ground to deny 3A's Motion, as 3A does "nothing more than reargue, somewhat more fully, the merits of their claim" that its TI claim is not preempted by the ATSA. *Id.* at 989-90.

However, even if this prohibition on rearguing the merits did not apply, the Court would still deny 3A's Motion. 3A *still* has not pointed to any specific facts in the record, *see* Fed. R. Civ. P. 56(c)(1), that would call into question this Court's prior ruling that 3A's TI claim is premised on the same acts that 3A alleges constitute misappropriation of trade secrets. Instead, 3A essentially argues that this Court erred in ruling that under Arkansas law the ATSA is the exclusive remedy for the *alleged* (rather than merely actual) misappropriation of trade secrets. As support for this argument, 3A cites the South Dakota Supreme Court case of *Raven Indus., Inc. v. Lee*, 783 N.W.2d 844 (2010). 3A notes that in 2013—a year before its decision in *Infinity*—the Arkansas Court of Appeals favorably included *Raven* in a string-cite of other courts that "have held that claims of tortious interference are not automatically preempted where they are not based upon the misappropriation of trade secrets." *Jenkins v. APS Ins., LLC*, 2013 Ark. App. 746, at *7-*8 (collecting cases). 3A contends that in *Raven* "the South Dakota Supreme Court

2

addressed the precise issue that is the subject of this Motion for Reconsideration." (Doc. 96, p. 5).

The Arkansas Supreme Court has never decided whether the ATSA preempts tortious interference claims that are premised on the same acts that are alleged to constitute misappropriation of trade secrets. Thus, this Court's task is "to predict how the Arkansas Supreme Court would resolve the issue if confronted with it." *Jackson v. Anchor Packing Co.*, 994 F.2d 1295, 1301 (8th Cir. 1993). In this context, decisions of the Arkansas Court of Appeals "are not binding on this court, but they are persuasive authority and we must follow them when they are the best evidence of what state law is." *United Fire & Cas. Ins. Co. v. Garvey*, 328 F.3d 411, 413 (8th Cir. 2003) (alterations omitted). "Intermediate state court decisions should not be disregarded unless we are convinced by other persuasive data that the highest state court would decide the issue otherwise." *Id.* (alterations omitted).

First, the Court observes that 3A simply is not correct in its contention that *Raven* "addressed the precise issue that is the subject of this Motion for Reconsideration." The plaintiff in *Raven* appears never to have even *alleged* misappropriation of trade secrets or sought relief under South Dakota's Uniform Trade Secrets Act ("SDUTSA"). Instead, the plaintiff brought (1) a claim for injunctive relief that was premised on the alleged breach of a non-disclosure agreement and authorized by a non-SDUTSA statute, (2) a claim of tortious interference with the non-disclosure agreement, and (3) a claim of unfair competition. *See* 783 N.W.2d at 848 & n.5., 851-52. Accordingly, the *Raven* Court had no occasion to address, and did not address, whether tortious interference claims are

3

preempted when premised on the same acts alleged to constitute misappropriation of trade secrets.

But even if 3A's characterization of *Raven*'s holding were correct, the fact remains that the Arkansas Court of Appeals merely cited *Raven* in passing, as one of several examples of "other courts" that have agreed with the more general proposition "that claims of tortious interference are not automatically preempted where they are not based upon the misappropriation of trade secrets." *Jenkins*, 2013 Ark. App. 746, at *7-*8. This Court does not consider such a circumstance to be better evidence of Arkansas law than the Arkansas Court of Appeals's explicit statement a year later that "the Trade Secrets Act is the exclusive remedy for the *alleged* misappropriation of trade secrets." *Infinity*, 2014 Ark. App. 609 at *8 (emphasis added). Perhaps in a vacuum 3A would have a better argument as a matter of policy, though the Court is not certain of even that.[1] But simply put, *Infinity* says what it says, and this Court is not "convinced," *United Fire & Cas. Ins. Co.*, 328 F.3d at 413, that the Arkansas Supreme Court would adopt a different rule.

---

[1] When ruling in its September 15 Order that 3A's contract claim was not preempted, this Court approvingly cited *Imaginative Research Associates, Inc. v. Ramirez*, for its observation that the "[b]ecause privately negotiated contractual obligations are applicable only to the parties to a contract, they do not create the variance in duties imposed by law among jurisdictions that the [Uniform Trade Secrets Act] sought to harmonize and clarify." 718 F. Supp. 2d 236, 249 (D. Conn. 2010). This rationale does not necessarily apply in the context of tortious interference claims whose elements vary from one jurisdiction to another, and which are typically brought against entities who did not negotiate and were not parties to the underlying contractual obligations.

4

**IT IS THEREFORE ORDERED** that Plaintiff 3A Composites USA, Inc.'s Motion for Reconsideration of Court's Order Dismissing 3A's Claim for Tortious Interference (Doc. 95) is **DENIED**.

**IT IS SO ORDERED** on this ___4th___ day of November, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE