IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

3A COMPOSITES USA, INC.                                              PLAINTIFF

V.                          CASE NO. 5:14-CV-5147

UNITED INDUSTRIES, INC. and
WESLEY PAULIN                                                       DEFENDANTS

OPINION AND ORDER

Currently before the Court are Defendants United Industries, Inc.'s and Wesley Paulin's Motion for Fees and Costs (Doc. 137) and Brief in Support (Doc. 138), and Plaintiff 3A Composites USA, Inc.'s ("3A") Response in Opposition (Doc. 139). For the reasons given below, Defendants' Motion is **GRANTED**.

This case was set to begin a jury trial on Monday, November 16, 2015. However, on the evening of Thursday, November 12, 2015, 3A filed a motion to voluntarily dismiss its claims without prejudice. During a telephonic hearing held the following day, Defendants stipulated to the proposed dismissal, on the condition, *inter alia*, that if 3A were to refile its claims in a new lawsuit, Defendants be provided the opportunity to recover a reasonable and appropriate amount of their costs and attorney fees in the prior action that would be rendered duplicative by the new case. *See* Fed. R. Civ. P. 41(a)(2). *Cf. Kern v. TXO Prod. Corp.*, 738 F.2d 968 (8th Cir. 1984). The Court granted 3A's motion to dismiss, subject to Defendants' requested conditions (Doc. 136). 3A has now refiled its claims in a new lawsuit. *See generally 3A Composites USA, Inc. v. United Industries, Inc. & Wesley Paulin*, W.D. Ark. Case No. 5:16-cv-5017, Doc. 1.

1

On December 1, 2015, Defendants filed the instant Motion. Defendants seek to recover three categories of duplicative fees and costs: (1) those associated with final trial preparation activities, (2) those associated with discovery, and (3) those associated with pleadings, motions, and briefing. 3A does not dispute this Court's authority in general to award the sort of relief requested in Defendants' Motion. However, 3A asks this Court to defer ruling in whole or in part on the Motion, on the grounds that the requested expenses "are contingent, premature and speculative." (Doc. 139, p. 1). The Court disagrees, at least in part, and finds it proper that 3A be required to reimburse certain of the Defendants' fees and expenses—which was an express condition of the Court's prior dismissal order (Doc. 136).

As a threshold matter, the Court finds 3A's explanation of its need to non-suit to be specious at best. The Court finds little credibility in 3A's explanation—to the effect that "Attorneys' Eyes Only" discovery designations prevented 3A from knowing the scope the Defendants' alleged misappropriation of trade secrets. To the extent 3A's executives were not actually aware of the "new" information in question until the eve of trial, its attorneys and expert witnesses certainly were—and had been for almost a year. Yet no amendments to the pleadings were sought, nor any requests for relief from the Stipulated Protective Order.

With regard to the first category, the Court finds that certain time and tasks associated with preparations in the weeks immediately prior to trial have been economically wasted. The Court has reviewed each itemized task and expense identified by Defendants in their Motion, and finds that the same are properly included within this category of time and expense. The effective and practical benefit of those

2

efforts has been lost, as a direct consequence of 3A's beyond-the-eleventh-hour motion to non-suit. And for no good cause or justifiable reason. But for 3A's untimeliness, the case would have either properly proceeded to trial, or a dismissal could have been sought well prior to this category of tasks and expenses being incurred. Regardless, this category of expenses will necessarily be duplicated in the now-refiled action.

As to the reasonableness of the amount sought, 3A does not offer any objection to the hourly rates charged by Defendants' attorneys, and the Court likewise finds those hourly rates are reasonable. Furthermore, after careful examination of Defendants' claimed hours, the Court finds that Defendants' attorneys expended a reasonable number of hours on these final trial preparation activities. 3A is therefore **ORDERED** to pay these fees and costs, totaling **$57,021.58**, to Defendants within **twenty days** of the entry of this Order. Failure to comply with this Order may result in 3A's Complaint in the new case being stricken.

With regard to written discovery, depositions, pleadings and motion practice in the newly re-filed case, the Court agrees with 3A, at least in part. It is premature to award such fees and costs now, because the duplicative nature of those matters is not presently clear or knowable. Furthermore, the Court intends to limit the scope of the parties' discovery efforts in the new case to the allegations and damages relating to the "new" claims. Thus, there should be a corresponding limitation on the extent of necessary duplication.

With regard to deposition discovery, however, some witness(es) may need to be redeposed, and some amount of the fees and costs associated with those depositions will necessarily be duplicative of the prior deposition(s), regardless of the questions

asked. It is therefore **ORDERED** that, to the extent Defendants seek to redepose any of 3A's witnesses, 3A shall pay Defendants' attorneys' travel time and expenses reasonably incurred in re-taking any such deposition(s), as well as the costs and expenses of the court reporter (and videographer if the original deposition was video recorded) for such second deposition(s). It is further **ORDERED** that to the extent 3A seeks to redepose any of Defendants' witnesses, 3A shall pay Defendants' attorneys' travel time and expenses reasonably incurred in such second deposition(s), as well as the redeposed witnesses' travel expenses. Defendants shall bill 3A for all such duplicative deposition expenses within **twenty days** of each month's end. 3A may challenge the reasonableness of any asserted travel time and expense by filing an appropriate motion within 14 days of the bill's receipt. Otherwise, 3A shall pay each such bill in full within **twenty days** of the receipt.

Finally, it is **ORDERED** that Defendants may recover their attorney fees and costs reasonably incurred with regard to the category for duplicative pleadings, motions, and briefing, upon motion to this Court demonstrating the necessity of duplication and the reasonableness of the requested time and expense.[1] Motions seeking such recovery shall be filed no more than **once each quarter-year**, with the final motion to be filed not later than **twenty days** after this Court's final dispositive order. 3A may file a Response within fourteen (14) days. Then, within **twenty days** of this Court's ruling on any such motion, 3A shall pay the amount awarded in full.

---

[1] This provision does not apply to any of the specific line item tasks being awarded for immediate trial preparations, i.e. for which Defendants are being presently awarded the total collective sum of $57,021.58.

IT IS SO ORDERED on this \_\_24th\_\_ day of February, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE